Case 2:15-cv-02369-GAM   Document 1   Filed 04/30/15   Page 1 of 14

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARTHA POE, in her own right and as parent and natural guardian of S. POE, a minor

### DEFENDANTS
SOUTHEAST DELCO SCHOOL DISTRICT
1560 Delmar Drive
Folcroft, PA 19032
[SEE ADDITIONAL SHEET FOR ADDITIONAL DEFENDANTS]

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald J. Williams, Esquire
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1231
215.557.0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities Employment<br>☐ 446 Amer. w/Disabilities Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
This action arose after a long course of inappropriate physical contact by an employee of defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   **DEMAND $** _____   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE Gerald A. McHugh   DOCKET NUMBER 15-0901

DATE 04/29/2015
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

**MARTHA POE, in her own right and as parent
and natural guardian of S. POE, a minor**

## CONTINUATION OF CIVIL COVERSHEET DEFENDANTS

MICHAEL A.P. JORDAN
Palmerton, PA

ASHWINA MOSAKOWSKI
c/o Darby Township School
801 W. Ashland Avenue
Glenolden, PA 19036

PAUL E. HOCHSCHWENDER
Delaware County Prison
500 Cheyney Road
Thornton, PA 19373

Case 2:15-cv-02369-GAM   Document 1   Filed 04/30/15   Page 3 of 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **MARTHA POE, in her own right and as parent and natural guardian of S. POE, a minor** <br> v. <br> **SOUTHEAST DELCO SCHOOL DISTRICT, et al.** | : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( **X** )

| 04/29/2015 | Gerald J. Williams, Esquire | *[signature]* |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| 215.557.0099 | 215.557.0673 | gwilliams@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Case 2:15-cv-02369-GAM   Document 1   Filed 04/30/15   Page 4 of 14

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____

Address of Defendant: **1560 Delmar Drive, Folcroft, PA 19032; Palmerton, PA; 801 W. Ashland Avenue, Glendolden, PA 19036**

Place of Accident, Incident or Transaction: **500 Cheyney Road, Thorton, PA 19373** **801 W. Ashland Avenue, Glenolden, PA 19036**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Gerald J. Williams**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **04/29/2015**   _/s/ Gerald Williams_   **36418**
                       Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **04/29/2015**   _____   **36418**
                       Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTHA POE, in her own right and** | : | **CIVIL ACTION NO.:** |
| **as parent and natural guardian of** | : | |
| **S. POE, a minor,** | : | |
| Plaintiff, | : | HON. |
| | : | |
| vs. | : | |
| | : | |
| **SOUTHEAST DELCO SCHOOL** | : | |
| **DISTRICT** | : | |
| **1560 Delmar Drive** | : | |
| **Folcroft, Pennsylvania 19032** | : | |
| and | : | |
| **MICHAEL A.P. JORDAN** | : | |
| **Palmerton, PA** | : | |
| and | : | |
| **ASHWINA MOSAKOWSKI** | : | |
| **c/o Darby Township School** | : | |
| **801 W. Ashland Avenue** | : | |
| **Glenolden, PA 19036** | : | |
| and | : | |
| **PAUL E. HOCHSCHWENDER** | : | |
| **Delaware County Prison** | : | |
| **500 Cheyney Road** | : | |
| **Thornton, PA 19373,** | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

A. <u>NATURE OF ACTION</u>

1. This is an action for damages and other relief brought on behalf of a minor child by her mother and natural guardian.

Because of the nature of plaintiff's allegations, and her daughter's need for and right to privacy, plaintiff has filed this complaint under fictitious names. After service of the complaint, plaintiff, through undersigned counsel, will move under F.R.C.P. 5.2(d) and Local Rules 5.13 and 5.1.5, seeking leave to file under seal an unredacted version, containing actual identities for plaintiff and minor plaintiff. The actual identities will be disclosed to defendants by

separate communication.

2. This action arise from a long course of inappropriate physical contact by defendant Paul Hochschwender with the minor plaintiff and other children during the time he was an elementary school teacher at Darby Township School within the Southeast Delco School District.

3. Plaintiff seeks redress pursuant to 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-88 [hereinafter, "Title IX"], as well as certain provisions of Pennsylvania law.

B. PARTIES

4. Minor plaintiff S. Poe is currently fifteen (15) years old. She lives in Delaware County, Pennsylvania with her mother, adult plaintiff Martha Poe.

5. Defendant Southeast Delco School District [hereinafter, "S.E. Delco" or "the District"] is an entity organized under the law of Pennsylvania, operating several public schools within a designated geographical area in Delaware County, including the Darby Township School.

6. Between 2010 and July 2012 at times material to this complaint, defendant Michael A.P. Jordan [hereinafter, "Jordan"] was the principal of Darby Township School, which minor plaintiff attended for several years, including the 2011-12 school year.

7. Defendant Paul E. Hochschwender [hereinafter, "Hochschwender"] was employed by S.E. Delco as an elementary school teacher for many years. During the 2011-12 school year, he taught fifth grade at Darby Township School, and minor plaintiff was one of his students.

8. Defendant Ashwina Mosakowski [hereinafter, "Mosakowski"] is the current

2

principal of Darby Township School. During the 2011-12 school year, she was the school's assistant principal.

C. JURISDICTION

9. Jurisdiction is vested in this Court due to federal questions presented by plaintiffs' statutory claims, 28 U.S.C. §1321. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1317.

10. At all times material hereto, all defendants acted pursuant to or under color of state law as those terms are construed under 42 U.S.C. §1983.

11. At all times material hereto, S.E. Delco received federal funds for the provision of educational services and programs within the District.

D. VENUE

12. Venue lies properly in this judicial district, as defendants may be found therein, and the events and conduct giving rise to the complaint occurred therein.

E. MATERIAL FACTS

13. During the 2011-12 school year, Hochschwender made inappropriate, offensive and criminal physical contact with the minor plaintiff, placing his hands on her buttocks, subjecting her to discomfort, anxiety, and emotional distress.

14. These occasions were not the first improper contacts by Hochschwender with elementary school children in his charge.

15. While employed at another school in another school district in Delaware County between 1993 and 2000, Hochschwender was formally admonished by the other District, after a police investigation of credible complaints that he had inappropriately groped or touched several

3

female students.

16. After the investigation and disciplinary action against him — both of which were well documented by the investigating police and school records — Hochschwender resigned, and left teaching.

17. Sometime before September, 2006, Hochschwender was hired by S.E. Delco as a fifth grade teacher at Darby Township School.

18. Neither S.E. Delco nor any official of Darby Township School made any attempt to consult or obtain the readily available records documenting Hochschwender's previous misconduct, and made no inquiry regarding the reasons for his departure from his earlier teaching position.

19. Sometime during the 2006-2007 school year, a female student in Darby's fifth grade complained that Hochschwender continually held her hands, touched her shoulders, and whispered in her ears. She also complained that Hochschwender grabbed and placed her hands on his lap.

20. Although the student and her mother reported the incidents to a Darby guidance counselor and to Darby's principal at the time, no disciplinary action was taken against Hochschwender, and neither the school's administration, nor any employee with knowledge, made any report of the incidents or related complaints to law enforcement authorities or to an appropriate county agency or the Pennsylvania Department of Public Welfare, in violation of the Pennsylvania Child Protective Services Law then in effect, 23 Pa. C.S. §6301, *et seq.*

21. As a consequence, Hochschwender was enabled in his persistent pattern of abuse of female students.

4

22. Defendants Jordan and Mosakowski knew, or should have known of the past conduct and propensities of Hochschwender, but deliberately chose to assign him responsibilities which brought him into regular contact with female students, including S. Poe.

23. Following Hochschwender's abuse of minor plaintiff S. Poe, she reported the events to her parents, who, in turn, reported them to Jordan and Mosakowski, together with a list of other students who had witnessed and/or experienced Hochschwender's sexually offensive misconduct.

24. Jordan and Mosakowski failed to make reports of the plaintiff's complaints to the Commonwealth's Department of Human Services, Children & Youth Services of Delaware County, or to any responsible agency or law enforcement authority.

25. With deliberate indifference to the important concerns of minor plaintiff and her parents, defendants also refused to conduct any investigation of their allegations, and failed to taken any meaningful action to discipline Hochschwender, or otherwise to prevent his further abuse of female Darby Township students.

26. Instead, they advised S. Poe's parents that they ascribed her complaints to her own "problems with anger", stigmatizing her, and failing to provide her with appropriate educational services to facilitate her emotional and academic recovery from Hochschwender's mistreatment.

27. Jordan purportedly reported the incident to supervisory employees of the District, in accordance with the District's customary practices and procedures. However, the District took no proper or effective action with regard to Hochschwender, instead transferring him from fifth grade to second grade, enabling him to associate with younger, even more vulnerable female students.

28. In March, 2014, the Darby Township Police Department and Delaware County Criminal Investigations Division began an investigation of Hochschwender's sexually abusive conduct toward several current and former Darby Township students, including the minor plaintiff herein.

29. As a result of the investigation, Hochschwender was charged with several crimes related to his conduct, including indecent assault, institutional sexual assault, and corruption of minors. He was pleaded *nolo contendere* to the charges, including those arising from his inappropriate physical contact with minor plaintiff herein.

30. As a result of the outrageous abuse she suffered at Hochschwender's hands, minor plaintiff S. Poe has sustained severe harm, including but not limited to severe emotional distress and anxiety, depression and social withdrawal, including withdrawal from affectionate contact with her parents and family members, disruption of her ability to enjoy life's pleasures, and destruction of her sense of safety and well-being.

31. As a further result of the abuse she suffered at Hochschwender's hands, and the deliberately indifferent reaction to her complaints by the other defendants, S. Poe's academic performance and behavioral conduct have deteriorated, and she has suffered a significant interference with her ability to learn and otherwise enjoy the benefits of education and educational services of the District, to her permanent detriment.

32. As a result of the harm suffered by her daughter, plaintiff Martha Poe has been, and will be required to incur expenses in obtaining treatment, alternative educational service, and other means of abating the deleterious effects of the abuse.

6

F. CAUSES OF ACTION

## COUNT I

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFFS vs. HOCHSCHWENDER

33. Plaintiff incorporates herein by reference paragraphs 1 through 32 as though each were set forth in its entirety.

34. Taking advantage of his capacity as plaintiff's teacher, and the attendant authority created under state law, Hochschwender, through the conduct alleged hereinabove, violated minor plaintiff's civil and constitutional rights under the Fourteenth and Fifth Amendments of the Constitution of the United States, including her right to security of person, due process and equal protection.

35. Plaintiff suffered the harms and damages alleged hereinabove as a result of the Constitutional violations committed by Hochschwender.

## COUNT II

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFFS vs. THE DISTRICT

36. Plaintiff incorporates herein by reference paragraphs 1 through 35 as though each were set forth in its entirety.

37. The abusive and illegal conduct of Hochschwender's violation of minor plaintiff's Constitutional and federally protected statutory rights resulted from acts, policies, customs and practices maintained and endorsed by the District, by and through its policy-making officials.

38. Said acts, policies, customs and practices included:

   a. failure to train District personnel regarding the proper investigation of

7

        child abuse allegations;

b.    systematic failure to conduct, or to insure that proper and thorough investigations of child abuse allegations were conducted;

c.    systematic failure to report, or to insure that credible allegations of child abuse were reported to the proper agencies and authorities;

d.    systematic failure to insure District compliance with Pennsylvania's Child Protective Services Law;

e.    failure to implement or maintain procedures to screen teacher applicants for past allegations and/or incidents of child abuse;

f.    failure to terminate or otherwise discipline teachers, including but not limited to Hochschwender, against whom credible allegations of child abuse are made, or are known to have engaged in a pattern of abusive or harassing female students;

g.    deliberate indifference to complaints of female students and their parents regarding abusive conduct by teachers, including but not limited to Hochschwender.

39.    These acts, policies, customs and practices were carried out and maintained intentionally, with an arbitrary, reckless and deliberate indifference to the rights and well-being of minor plaintiff and other female students.

40.    As a result of the violation of minor plaintiff's rights, plaintiffs suffered the harms and damages alleged hereinabove.

## COUNT III

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFFS vs. THE DISTRICT, JORDAN AND MOSAKOWSKI

41.  Plaintiff incorporates herein by reference paragraphs 1 through 40 as though each were set forth in its entirety.

42.  As a result of the acts, policies, customs and practices alleged in paragraphs 17, 18, 22, 37, 38 and 39 hereinabove, defendants is a manner shocking to the ordinary conscience, placed minor plaintiff in extreme and unreasonable danger of the harm she ultimately suffered.

43.  In doing so, defendants violated plaintiff's rights under the Fourteenth Amendment to the Constitution.

44.  As a result, plaintiffs suffered the harms and damages alleged hereinabove.

## COUNT IV

### PURSUANT TO TITLE IX
### PLAINTIFFS vs. THE DISTRICT

45.  Plaintiff incorporates herein by reference paragraphs 1 through 44 as though each were set forth in its entirety.

46.  As a provider of educational programs and services receiving federal funds, the District is required to provide the benefits of those services and programs without discriminating on the basis of sex.

47.  As alleged hereinabove, the District, by and through its faculty, administrative staff and policy makers, intentionally disregarded the rights and safety of female students, including minor plaintiff, and disregarded and failed to act on complaints of abuse by female students and their parents.

48. Due to the District's intentional acts and maintenance of customs and policies alleged hereinabove, minor plaintiff was subjected to gender-based harassment, abuse and inappropriate physical contact by her teacher, suffering the relevant harms averred above.

49. The District's conduct comprised illegal discrimination against minor plaintiff, proscribed by Title IX and causing the harm she suffered.

### COUNT V

### ASSAULT AND BATTERY
### (SUPPLEMENTAL JURISDICTION)
### PLAINTIFFS vs. HOCHSCHWENDER

50. Plaintiff incorporates herein by reference paragraphs 1 through 49 as though each were set forth in its entirety.

51. Hochschwender's conduct as alleged in paragraph 13 hereinabove comprised an assault upon the minor plaintiff, and unauthorized contact with her person (battery).

52. Plaintiff suffered the harms and damages averred hereinabove as a result.

G. PUNITIVE DAMAGES ALLEGATION

53. Hochschwender's intentional conduct was outrageous and wanton, and committed in total, reckless disregard for plaintiff's well-being and the laws intended to protect her and similarly situated children, including the criminal laws of Pennsylvania proscribing indecent and sexual assault and corruption of minors, thereby warranting the imposition of punitive damages.

H   JURY DEMAND

54. Plaintiffs demand a jury determination of all issues so triable.

I. PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask the Court to enter judgment in their favor and against

10

defendants, individually, jointly and separately, and to award them the following relief:

    a.    general and compensatory damages against all defendants;

    b.    an award of punitive damages against Hochschwender;

    c.    an award of attorney's fees and costs pursuant to 42 U.S.C. §1988 and Title IX;

    d.    such other relief as the Court deems just and equitable.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
PA Attorney I.D. No.: 36418
BETH G. COLE, ESQUIRE
PA Attorney I.D. No.: 36419
CHRISTOPHER MARKOS, ESQUIRE
PA Attorney I.D. No.: 308997
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1279
Phone: 215.557.0099
Fax:    215.557.0673
Email: gwilliams@wcblegal.com
       bcole@wcblegal.com
       cmarkos@wcblegal.com

Dated: April 29, 2015