**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARTHA POE, in her own right** : | |
| **and as parent and natural guardian of S. Poe,** : | |
| **a minor** : | |
| : | **CIVIL ACTION** |
| **v.** : | **NO. 15-2369** |
| : | |
| **SOUTHEAST DELCO SCHOOL DISTRICT,** : | |
| **et al.** | |

## <u>MEMORANDUM</u>

This is an action brought under both Section 1983 and Title IX arising out of allegations that an elementary school teacher engaged in inappropriate physical contact with the minor plaintiff. The parties have settled the action and the settlement agreement explicitly provides for the plaintiff to submit a petition for attorneys' fees and costs, subject to Defendants' response and the Court's review. Preliminarily, there seems to be a dispute between the parties as to whether this motion is governed by 42 U.S.C. § 1988 or by the settlement agreement. I am unable to discern the significance of this dispute, because Defendants seemingly agree that Plaintiff would in any event be deemed a prevailing party under § 1988, *Farrar v. Hobby,* 506 U.S, 103 (1992), and Plaintiff seemingly concedes that Defendants have reserved the right to object to specific aspects of the Petition where warranted. In any case, the Court does not construe the settlement agreement as automatically rendering Defendants responsible for the amount sought by Plaintiff, and will independently review the defense objections.

As background, it bears mention that the Court is intimately familiar with the case not only from extensive motion practice, but from the trial to verdict before a jury of a companion case. Unquestionably, this was a complex case that raised multiple legal issues of public importance, requiring the intense involvement of counsel. This case was consolidated with

others, increasing the need for counsel to confer in order to coordinate activities.  In that regard, the total amount of hours claimed by counsel is not excessive for a case of this kind, nor are the costs incurred in any way extraordinary.  Assuming that a "loadstar" analysis should be the point of departure, in broad terms Plaintiff's petition is reasonable.

Turning to the specific objections raised, I find the hourly rates claimed by counsel to be reasonable, relying upon both the judicially recognized survey of hourly rates conducted by Community Legal Services of Philadelphia, and the supporting affidavit of Market Richter, Esq. The defense is correct that no resume was submitted for paralegal Carol Barbett, but the Court is satisfied based upon experience that a senior paralegal continuously employed for more than 30 years at a firm that pursues complex litigation fairly commands an hourly rate in the Philadelphia metropolitan area of $145.  Defendant summarily objects to the rates requested, but provides no persuasive reason for doing so.

With respect to duplicate of time entries, counsel for Plaintiff concedes that billing errors resulted in an overcharge of $180, and that amount will be deducted.  Beyond that, I am not persuaded that the charges are duplicative because necessarily there were instances where Mr. Williams and Ms. Cole needed to confer.  Furthermore, events which both attended were watershed moments in the case such as argument on the dispositive motions, attendance at mediation and settlement conferences, and the deposition of Defendant Hochschwender.  Upon careful review, the only instance where the participation of both counsel could be questioned would be on October 26, 2016, at the depositions of witnesses Karcher and Bristow.  I will deduct $500 for the attendance of Ms. Cole, but have not otherwise identified duplicative billing.

As to the objection that certain entries are too vague, although the defense is correct that in some instances the task is identified with more specificity than others, given the undertaking

in this case and the modest increments of time challenged by the defense, I am satisfied that sufficient detail has been provided.

Substantively, Defendant Jordan argues that time billed for work involving the School District defendants should be stricken, as well as the cost for its expert on policy and procedure, because summary judgment on the *Monell* claim was granted in the District's favor. This argument has a superficial appeal, but does not survive deeper scrutiny. This is a case where the Plaintiff's claims involved "a common core of facts or [was] based on related legal theories," where "counsel's time [is] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). More significantly, as Plaintiff points out, although the Court entered summary judgment in favor of the School District, that ruling remained subject to appeal. The School District is a party to the release, and its liability was definitively extinguished because of the release. On that basis, I find both the fees of the expert and counsel's hours involving the *Monell* claim to be appropriate.

Finally, as to the amounts claimed in reimbursement of Plaintiff's damages experts, although Defendant is correct that no hourly rate schedules were submitted, the experts' charges were well with the common range for psychiatric and psychological evaluations resulting in preparation of a report.

         /s/ Gerald Austin McHugh
United States District Judge

6/07/18